JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| In re QUALITY SYSTEMS, INC. SECURITIES LITIGATION | Case No.: SACV 13-01818-CJC-JPR<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated July 30, 2018, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated July 16, 2018 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and

-1-

otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

(i) This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

(ii) This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

(iii) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order, which certified, for purposes of effectuating the Settlement, a Class defined as all persons or entities who purchased or otherwise acquired QSI common stock during the period from May 26, 2011 through July 25, 2012, inclusive, and were damaged thereby. Excluded from the Class are: (a) Defendants; (b) immediate family members of the individual Defendants (as defined in 17 C.F.R. §229.404 Instructions (1)(a)(iii) and (1)(b)(ii)); (c) present or former executive officers or directors of QSI and their immediate family members (as defined in 17 C.F.R. §229.404 Instructions (1)(a)(iii) and (1)(b)(ii)); (d) any firm or entity in which any Defendant has or had a controlling interest during the Class Period; (e) any affiliates, parents, or subsidiaries of QSI; (f) all QSI plans that are covered by ERISA; and (g) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded Person, in their respective capacity as such. Also excluded from the Class are those Persons who made a timely and valid request for exclusion from the Class.

(iv) With respect to the Class, this Court finds for the purposes of effectuating the Settlement that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; (e) the questions of law and fact common to

the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

(v) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Lead Plaintiffs as representatives of the Class. Lead Counsel are also certified as counsel to Lead Plaintiffs and the Class in the Litigation.

(vi) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

    (a) the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

    (b) there was no collusion in connection with the Stipulation;

    (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

(vii) Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein are dismissed with prejudice as to Lead Plaintiffs and the other Class Members and as against each and all of the Released Defendant Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

(viii) No Person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

(ix) Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Lead Plaintiffs or such Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiffs or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

(x) Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

(xi) Upon the Effective Date, Lead Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

(xii) The distribution of the Notice and publication of the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Expenses as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort.

The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those persons who made a timely and valid request for exclusion from the Class.

(xiii) Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this action.

(xiv) Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

(xv) Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

(xvi) The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

(xvii) In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

(xviii) The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

(xix) Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

(xx) The Court directs immediate entry of this Judgment by the Clerk of the Court.

(xxi) The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

**IT IS SO ORDERED.**

DATED: November 19, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE